# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHESTER BREWER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0517** (BOR Appeal No. 2047887)
(Claim No. 2010117300)

**BRIDGESTONE AMERICA'S TIRE OPERATIONS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chester Brewer, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bridgestone America's Tire Operations, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2013, in which the Board affirmed a November 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 1, 2010, decision which granted the claimant an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brewer, a tire man and mechanic, injured his right shoulder while using a jack to lift a truck on October 22, 2009. His claim was held compensable for right shoulder strain. Mr. Brewer underwent three independent medical evaluations in order to determine the amount of permanent impairment he sustained as a result of his injury. Joseph Grady, M.D., performed an independent medical evaluation on August 31, 2010, in which he diagnosed status post right shoulder surgery and manipulation with chronic myofascial tendonitis. Mr. Brewer was determined to be at maximum medial improvement and using the American Medical

1

Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady assessed 8% whole person impairment. Based upon his report, the claims administrator granted Mr. Brewer an 8% permanent partial disability award on December 1, 2010.

Victor Poletajev, D.C., performed an independent medical evaluation on December 19, 2011. He assessed 20% impairment for range of motion loss, 4% impairment for muscle strength loss, 10% impairment for acromioplasty, and 1% impairment for surgical scarring for a combined total of 20% whole person impairment. A final independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on July 31, 2012. He assessed 8% whole person impairment for the right shoulder. He opined that Dr. Poletajev's report was not accurate because his range of motion findings were extremely exaggerated and he found 4% impairment for weakness that Dr. Mukkamala did not find. Also, Dr. Poletajev calculated 10% upper extremity impairment for acromioplasty which is not supported by the American Medical Association's *Guides*. Lastly, he assessed 1% impairment for the surgical scar which was asymptomatic and did not qualify for a rating.

The Office of Judges affirmed the claims administrator's decision in its November 16, 2012, Order. Significant weight was placed on the findings of Dr. Grady and Dr. Mukkamala who both assessed 8% whole person impairment. Neither physician found true evidence of loss of strength whereas Dr. Poletajev assessed 4% impairment for it. Dr. Poletajev's 20% impairment assessment was found to be inconsistent with the findings of Dr. Grady and Dr. Mukkamala. Additionally, Dr. Poletajev's finding of 1% impairment for scarring was determined to be clearly inconsistent with Dr. Grady's and Dr. Mukkamala's reports and the evidence of record because the scar is asymptomatic. The Office of Judges found that the greatest difference in impairment findings was Dr. Poletajev's rating of 10% impairment for acromioplasty. Dr. Mukkamala opined in his report that the rating was inconsistent with the American Medical Association's *Guides* and the Office of Judges agreed. Dr. Poletajev's report was therefore given less evidentiary weight. Dr. Mukkamala's report was afforded the most weight because it was the most recent in time and was supported by Dr. Grady's findings.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 24, 2013, decision. We agree with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Mr. Brewer sustained no more than 8% permanent impairment as a result of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

## ISSUED:  September 29, 2014

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II